Franklin Thompson, Administrator d. b. n. c. t. a. of Josiah Thompson, *v.* William S. Kaufman and Ellen Herb, Landlord, Appellant.

*Extrinsic evidence to explain will—Latent ambiguities.*

Parol evidence is admissible only to explain latent ambiguities in a will or to apply its provisions to the subject or person intended when the description is defective, uncertain or too general to be understood.

When the direct purpose of the testator can be fulfilled from the terms of the will and the subject of the devise existed at the time the will was executed and when it went into effect, no parol evidence is permissible, except the subject be doubtful, and then only to resolve the doubt or to remove a difficulty arising from a defective or mistaken description and thereby give effect to the will.

*Evidence—Parol evidence to identify subject of a devise.*

Parol evidence is, as a rule, admissible to identify the subject-matter of a devise, but as soon as the process of identification shows the existence of a subject which fully satisfies the terms of a devise, the object of that process, which is simply to apply a direction that would otherwise remain inoperative, is accomplished, no uncertainty is left to be cleared away, and it is not competent to show by further parol testimony that something else was in fact intended.

Argued Nov. 15, 1898. Appeal, No. 2, Oct. T., 1898, by Ellen Herb, landlord, from judgment of C. P. Berks Co., Jan. T., 1896, No. 71, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Ejectment. Before ENDLICH, J.

The facts sufficiently appear in the opinion of the court.

Verdict for plaintiff for the premises described in the writ. Ellen Herb, landlord, defendant, appealed.

*Error assigned* among others was giving binding instructions for plaintiff for the premises described in the writ.

*H. P. Keiser*, of *Jacobs & Keiser*, for appellant.—In cases of latent ambiguity in a will, evidence is admissible of the facts and circumstances surrounding the testator at the time of his making his will, his family affairs, the state of his property,

and his contemporaneous or subsequent declarations down to the time of his death: Patch v. White, 117 U. S. 210; Vernor v. Henry, 3 Watts, 385; Wagner's Appeal, 43 Pa. 102; McAfee v. Magee, 4 Penny. 94; Strubing v. Wunder, 2 Woodw. 474; Brownfield v. Brownfield, 12 Pa. 136; Warner v. Miltenberger, 21 Md. 264.

The present will shows such a latent ambiguity as will admit of parol testimony: McAfee v. Magee, 4 Penny. 94; Brownfield v. Brownfield, 12 Pa. 136; Warner v. Miltenberger, 21 Md. 264; Aldrich v. Gaskill, 64 Mass. 155; Garrison v. Garrison, 29 N. J. L. 153.

*Isaac Hiester*, for appellee.—This case disclosed no latent ambiguity. When the location of the land described in the deed is certain, it needs not a jury to distinguish it from another tract: Hughes v. Coal Co., 104 Pa. 212.

The rule which allows extrinsic evidence to explain the extent of the subject sold has no application when a subject-matter exists which satisfies the terms of the instrument of conveyance: Wusthoff v. Dracourt, 3 Watts, 243; Harvey v. Vandegrift, 89 Pa. 346.

The construction of a deed in which there is no ambiguity is for the court and not for the jury, but the court in construing such a deed must look at the circumstances in which the conveyance was made: Cox v. Freedley, 33 Pa. 124.

Only in rare cases is the intention of the parties to be obtained from testimony dehors the instrument: Fuller v. Weaver, 175 Pa. 182.

The city assessment made in pursuance of the testator's oral directions to assess the carpenter shop with the Moss street house was insufficient to enlarge the boundaries of the lot devised to Ellen Herb in the absence of any change in the lines of the property.

A demise or conveyance of a " barn" without other words being superadded to extend its meaning will pass no more land than is necessary for its complete enjoyment: Bennett v. Bittle, 4 Rawle, 339; Blackburn v. Edgley, 1 P. Wms. 603; Messer v. Rhodes, 3 Brewster, 180.

In every aspect this case represents a bold attempt on the part of Ellen Herb to seize a portion of the decedent's estate

which he had not included in his devise to her, either by the
terms of the will or by the marks on the ground, upon a mis-
taken view that the testator's loose and evidently misunder-
stood declarations are sufficient to establish her title.   The
attempt should not be allowed to succeed.

The opinion of the court below granting a new trial to the
plaintiff is reported in 6 Dist. Rep. 522.

OPINION BY SMITH, J., January 18, 1899:

At least that part of the declaration containing a description
of the property for which this ejectment was brought, together
with the disclaimer if one were filed, should have been printed
in the appellant's paper-book.   The rules of this court, touching
the manner in which paper-books should be made up, are de-
signed to insure the presentation of a statement of the essentials
of each case upon which we may rely with confidence.   In the
present case the point in dispute can be understood only by a pre-
cise and accurate description of the boundaries of the land.   The
correct location of these is the question for determination.   The
proper place to find this information is in the declaration.   In
the absence of the pleadings we take the statement of the
cause of action from the charge of the court: "Josiah Thomp-
son devised to Ellen Herb the 'house and lot situate in Moss
street, No. 336,' and to his executors for sale the 'dwelling house
and lot, No. 338 North Ninth street, and any other property
. . . . not herein disposed of.'   The land upon which both
houses were erected, and out of which the respective lots were
carved, was originally owned by him as an entire piece extend-
ing twenty feet wide from Ninth street eastwardly to Moss.
This lot was divided by fences and other structures in such a
way as to cut to the Moss street house, in addition to its width
of twelve feet, a passageway of four feet wide on the south
(from which a gate opened into Moss street) and some ground
in the rear to a line running north and south about fifty feet
west of Moss street, i. e., a lot sixteen feet wide and fifty feet
deep.   To the west of it was a carpenter shop and adjoining
its western side a shed.   Along the south side of what was cut
to the Moss street house and separated by a fence, the remain-
ing four feet of the original twenty foot lot formed an outlet
from the shop and the area about it into Moss street, with a

gate opening upon the same. The testator, a carpenter and a contractor, living in the house No. 329 North Ninth street, had used the shop in his business and the four-foot strip leading to Moss street as a rear entrance and exit to and from the shop. The house No. 336 Moss street was rented to various tenants. Nothing beyond what was cut to it by the fences and other structures upon the ground was used in connection with it." This description, the history of the improvements and the manner of occupancy, are fully sustained by the uncontradicted testimony in the case.

The defense is based on what is claimed to be a latent ambiguity in the description of the subject of devise, requiring extraneous proof to show the intent of the testator as to the extent of the devise. This alleged ambiguity does not arise from the words of the will, but is found in circumstances collateral to it and resting in parol. These conditions are not referred to in the will or created in pursuance of its directions, express or implied. In substance and in fact, the defense rests on parol declarations of the testator, made after the execution of the will, that he desired the Moss street property to embrace the entire width of the original lot and extend west from Moss street about seventy-eight feet in length, and directed it to be thus separately assessed, which was thereafter done. It might also be inferred from the alleged parol declarations of the testator that he intended the devise to the defendant to embrace this enlarged lot, but this latter is not clear. This we think is the full import of the parol testimony. The learned trial judge held that inasmuch as the testimony shows the existence of a subject when the will took effect, fully satisfying its terms of devise, proof not disclosing the existence of another subject to which its terms could equally apply was not admissible to establish a latent ambiguity, such as the law contemplates, in admitting extraneous evidence in explanation. A verdict was therefore directed for the plaintiff.

The general rule, undoubtedly, is that parol evidence is admissible only to explain latent ambiguities in a will, or to apply its provisions to the subject or person intended, when the description is defective, uncertain, or too general to be understood: Best v. Hammond, 55 Pa. 409. When the direct purpose of the testator can be fulfilled from the terms of the will, and the

subject of the devise existed at the time the will was executed and when it went into effect, no parol evidence is permissible, except the subject be doubtful, and then only to resolve the doubt.

In the present case the subject of the devise existed and was well defined at the time the will took effect. The Moss street property was inclosed by a fence and adjacent buildings and was occupied and used by tenants in this manner up to the time of the testator's death. As thus inclosed it answered the terms of the devise to Ellen Herb, without addition or alteration. She now seeks to enlarge the boundaries by including adjoining land and the buildings thereon, not used or included as a part of the Moss street tenement during the lifetime of the testator. This was attempted on the assumption that, owing to the change in the situation between the execution of the will and the death of the testator, it will better conform to the intention of the testator and the division indicated by him in the manner of assessment. This, however, leaves out of view the real purpose of extrinsic evidence, in this class of cases. Extrinsic evidence is admitted solely to aid in applying the intention of the testator, as collected from the will itself, to the existing state of his property. It is to remove a difficulty arising from a defective or mistaken description and thereby give effect to the will. Extrinsic evidence cannot be introduced for the purpose of making a new or different devise from the one found in the will, or to change this in extent, value or effect. The primary purpose is to give effect to the testator's intention as disclosed by the will. Testimony failing in this, or going beyond this purpose, is inadmissible.

That the purpose and effect of the testimony offered here, was to establish a different subject of devise from the one existing and presumably in the mind of the testator when the will was executed, is not to be doubted, and assistance in the application of its terms to the subject, by parol testimony, was clearly unnecessary. Here the subject-matter was clearly identified, its boundaries upon the ground well defined; its condition, use and manner of occupancy undisputed, and it was separate and unconnected with the remainder of the testator's property. It presented no element of doubt, uncertainty or ambiguity, calling for explanatory proof. In all essentials it

fully met the terms of the devise, leaving nothing to be supplied by extraneous evidence on any point as to which such evidence is admissible. The learned trial judge correctly disposed of the case.

Judgment affirmed.