# Beam v. Punxsutawney Playground Association, Appellant.

*Real property—Deeds—Description—Monuments—Calls and distances—Evidence.*

Upon the trial of an action whereby the plaintiff sought to compel the removal of a fence, where the real issue to be determined was whether the fence was in fact along the defendant's line or within an alley upon which the defendant's property abutted, evidence as to other property lines which had no relation to the line of the alley was properly excluded.

Where the description of property in a deed calls for a course of a given length to a post, which cannot be found, or where the call is for an obviously incorrect distance to a monument which is clearly established, no ambiguity arises from such facts. In the first instance the length given governs the course and its terminus; in the second the monument governs, and the measurement may be disregarded.

Argued April 11, 1923. Appeal, No. 91, April T.,. 1923, by defendant, from judgment of C. P. Jefferson Co.,

580 BEAM *v.* PUNXSUTAWNEY PLAYGROUND ASSN.

Statement of Facts—Opinion of the Court. [81 Pa. Superior Ct.
Jan. T., 1921, No. 22, on verdict for plaintiff, in the case of Lenore Beam, now Jacob Beam by substitution, v. Punxsutawney Playground Association, a corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass (originally started and tried as in ejectment) to determine plaintiff's right to use of an alley. Before CORBET, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings of the court on evidence and upon points submitted for charge.

*James Gillespie,* of *Gillespie & Gillespie,* and with him *Jacob L. Fisher* and *Brown & Means,* for appellant.—The Zeitler deed contains latent ambiguity which calls for parol evidence to explain what was meant and the trial court improperly rejected the evidence offered for that purpose: Pringle v. Rogers, 193 Pa. 94; Safe Deposit & Trust Co. v. Mfg. Co., 229 Pa. 295; Trustees of Kingston v. Lehigh Valley Coal Co., 241 Pa. 469; Carroll v. Miner et al., 1 Pa. Superior Ct. 439; Martin v. Hoshauer, 74 Pa. Superior Ct. 42.

*W. C. Pentz,* and with him *John J. Pentz, W. C. Miller* and *Howard B. Hartswick,* for appellee.—As a rule the intention of parties to a deed must be ascertained from their written expression and only in rare cases from testimony dehors the instrument: Fuller v. Weaver et al., 175 Pa. 182.

OPINION BY HENDERSON, J., July 12, 1923:

The plaintiff's action was commenced by summons in ejectment to enforce a right to the use of an alley on

which a lot of the plaintiff abutted in the Borough of Punxsutawney, and the case was tried on the theory that it was an appropriate remedy to enforce the removal of an obstruction on a public highway.  At the argument on the appeal it was agreed, however, between the counsel for the respective parties that the action should be changed to trespass and that the case be disposed of as if originally brought in that form, and the record was so amended.  The real controversy related to the width of an alley dedicated and opened at the rear of some contiguous lots owned by Zeitler, one of which was bought by a predecessor in title of the plaintiff.  The question was one of fact to be found by the jury on an ascertainment of the south line of the alley in question. John Zeitler was the owner of a body of land in the borough, a part of which was divided into the lots referred to.  Zeitler's title was thus described in a deed from William Campbell to him, dated April 30, 1860: "Beginning at the center of Jefferson Street, on the N. side of Pleasant alley in the Boro of Punxsutawney; thence S. 18° E. 23.4 p. to a post near James St. Clair's mill race; thence S. 72° W. 20 p. to a post; then N. 78° 4.4 p. to a post in the center of Findley Street, thence N. 18° west 20.4 p. along the center of Findley Street to a post on the south side of Pleasant alley; thence N. 72° E. 23.8 p. along Pleasant alley to the place of beginning."  On July 2, 1892, Zeitler conveyed one of the lots to W. S. Colderwood through whom by sundry conveyances the plaintiff holds title.  The deed to Colderwood bounded the lot on the south by an alley, but the width of the alley was not stated.  Conveyances of other lots in the same plot called for the alley as their south boundary.  The way was opened and was used by the owners of the lots after the conveyances recited.  The defendant having acquired title to land south of the alley erected a fence on what it claimed to be its north line, the location of which fence was within the alley as claimed by the plaintiff.  Whether the fence was along the north

line of the defendant's land or was within the alley as set apart and dedicated by Zeitler was the question at issue to be determined by the verdict. It is conceded that the controversy was one of fact, but complaint is made that evidence offered by the defendant was improperly excluded and that the court erred in the answers to the 11th, 12th and 13th points presented by the appellee. The first, 2d, 3d and 4th assignments relate to the refusal of the court to admit evidence to show the location of the division line between Zeitler and one Davis who owned land east of Zeitler's. The offer was said to bear on the location· of the south line of Zeitler's property; this was rejected for the reason that the line referred to was not in controversy and that it bore no relation to the dedication of the alley as established by the conveyances of the lots by Zeitler, and that it was not relevant to establish the south line of the land owned by Zeitler. The correctness of this ruling seems apparent when we consider that there is no dispute in regard to the direction, location and length of the first and second lines described in the conveyance from Campbell to Zeitler. The starting point was well defined—the distance was exact —the call was for a post. That was not found by the surveyors called by the respective parties, the distance therefore controlled. The second course called for a post —that was not found. The course and distance named in the deed therefore fixed the terminus of the second line. The description was clear and definite and therefore fixed the location of the south line of the land conveyed. No part of this survey had any connection with the land lying to the east and it was a matter of indifference to the plaintiff what line the owner of that body of land claimed to or acknowledged. Zeitler conveyed lots of specified dimensions all of which were bounded on the south by an alley. He asserted title to a line a definite number of rods south of Pleasant Alley. He set apart a portion of that land, north of his south line and south of the lots conveyed, as a thoroughfare. The jury would

not have been aided in that inquiry as to the location of Zeitler's south line by evidence of what Davis claimed to be his own southwest corner. The theory on which the appellant sought to introduce this and other evidence was that there was an ambiguity in the description of the conveyance from Campbell to Zeitler; that the description if followed through would not close the survey; and that therefore it was competent to introduce parol evidence to explain what is called an ambiguity. That the distance described in the third line is incorrect seems to be conceded, but there is a call for a post "in the center of Findley Street; thence north 18° west 20.4 p. along the center of Findley Street to a post on the south side of Pleasant alley and thence north 72° east 23.8 p. along Pleasant alley to the place of beginning." Applying the well-established principle that the distance must yield to an established monument named in the description no ambiguity is apparent which prevents a closing of the survey by a correction of the distance in the third or fourth course, but the closing of the survey is not important in the determination of this controversy. Zeitler owned the lots abutting on the alley; he owned to the Davis land on the east. There was no evidence to justify the conclusion that Campbell did not intend to convey to Zeitler to the post referred to in the first call. Both the surveyors recognize that as substantially correct. The evidence offered, therefore, tended to confusion rather than to throw light on the real controversy. Nor in this view of the case was there relevancy in the evidence showing the declaration of John Zeitler as to the location of the corner where he joined the Davis land on the east. It had no tendency to contradict the direct evidence of the plaintiff as to the width of the alley or the location of the St. Clair line south of him. In fact the evidence of one of the defendant's own witnesses shows that Zeitler claimed a line more than 20 feet south of the south line of the lots which he had conveyed to the plaintiff's predecessor and others. We do not find in the record any

evidence offered by the defendant to establish the north line of the James St. Clair land immediately south of Zeitler, but it clearly appears in the deposition of Jacob Haag that Zeitler claimed to own south of the line which Haag asserted to be the north line of the St. Clair lot; that Zeitler built a fence on what he alleged to be the line; and that he afterward acquired title to the St. Clair property. Declarations of Zeitler proposed to be proved were after his sale to Colderwood and were not contradictory of the testimony relating to the fence erected on the south line of the alley. There is abundant evidence that this fence was there soon after the sale to Colderwood and others, and that it was south of two wild cherry trees, the location of which was definitely established as was a line of fence posts which remained after the fence was destroyed. A space of from 20 to 22 or 23 feet was thus inclosed in the alley. It is not pretended that Zeitler claimed any land south of this south fence, and it is in evidence that the alley as thus opened was used by those having occasion to go through it. By entering on the space between the lot lines and the southern line of the alley, the defendant occupied a space about 7 or 8 feet wide at one end and about 3 feet at the other. Assuming that the alley was opened as found by the jury, the erection of the fence was an interference with the plaintiff's enjoyment of the alley. There was evidence from which it might well have been found that the alley was opened to the width of 20 feet or a little more, and no evidence from which the jury would have been warranted in finding that the line of the St. Clair lot was north of the south line of the alley as established by the fence. On this state of facts and the implied dedication contained in the plaintiff's line of title, the court was not in error in the answers to the plaintiff's points complained of. We do not find errors as set forth in the assignments which require a reversal.

The judgment is affirmed.