# Minnie Hoffman, Nellie M. McKeon, Lillie B. Hoffman, Elsie B. Hoffman, Maude B. Raybuck and Lee E. Hoffman *v.* Don V. Buchanan, Appellant.

*Real estate—Coal—Sale of coal—Underlying seam—Evidence—Latent ambiguity.*

The rule which allows extrinsic evidence to explain the extent of the subject sold, has no application when a subject-matter exists which satisfies the terms of the instrument of conveyance.

In an action for damages for the illegal mining of coal, a verdict for the plaintiff will be sustained where evidence was produced which established that the defendant had mined a vein of coal specifically reserved to the original grantor.

Where the description in a deed of the exception from the reservation of the coal was clear, explicit and without ambiguity, its construction was for the court and not for the jury, and parol or extrinsic evidence to explain it was inadmissible.

Argued April 18, 1924.  Appeal, No. 77, April T., 1924, by defendant, from judgment of C. P. Jefferson Co., Jan. T., 1923, No. 94, on verdict for plaintiff in the case of Minnie Hoffman, Nellie M. McKeon, Lillie B. Hoffman, Elsie B. Hoffman, Maude B. Raybuck and Lee E. Hoffman v. Don. V. Buchanan.  Before ORLADY, P. J., HENDERSON, KELLER, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for unlawful mining of coal.  Before STONE, P. J., 18th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $161.18 and judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and answers to points.

*Raymond E. Brown,* of *Brown & Means,* and with him *Brosius & Brosius,* for appellant.—The court below erred in excluding extrinsic parol evidence to show precisely what was intended to be conveyed under the grant: Kountz v. O'Hara Street Railway Co., 48 Pa. Superior Ct. 132; Rook v. Greenewald, 22 Pa. Superior Ct. 641; Cake v. Sunbury Borough, 43 Pa. Superior Ct. 95; Lawver v. Anderson, 77 Pa. Superior Ct. 208; Pittsburgh Safe Deposit, etc., v. Bovaird, etc., Mfg. Co., 229 Pa. 295, 22 Corpus Juris 1259; Smith v. Vernon Twp., 54 Pa. Superior Ct. 141; Little v. Greek, 233 Pa. 534; Safe Deposit & Trust Company v. Bovaird and Seyfang Mfg. Co., 229 Pa. 295.

*W. C. Miller,* of *Miller and Hartswick,* for appellees, cited: Shattuck v. Cunningham, 166 Pa. 368; King v. Gas Coal Co., 204 Pa. 628; Light v. Miller, 38 Pa. Superior Ct. 408; Harvey v. Vandegrift, 89 Pa. 346; McKinley v. Ulery, 47 Pa. Superior Ct. 353; Heningkamp v. Coal Co., 274 Pa. 186-189; Glick v. Lehigh Valley Coal Co., 221 Pa. 428-430.

OPINION BY KELLER, J., July 2, 1924:

This was an action of trespass brought by the widow and heirs of Jesse C. Hoffman against Don V. Buchanan for damages caused by his unlawful mining of coal from the seam or vein belonging to them, known as the "Coal Glen Lower Vein."

In 1915 Jesse C. Hoffman, who was the owner of a large tract of land in Jefferson County, by articles of agreement under seal and duly recorded, sold to one of his sons, the defendant's predecessor in title, 135 acres

thereof, "excepting and reserving......all of the coal in and under the said above described land, (except the coal in the upper vein known as the 'Coal Glen Upper Vein,' which is not reserved, but is included in this conveyance)."

Jesse C. Hoffman died before delivery of the deed. On January 17, 1918, his widow and heirs executed and delivered a deed in exact conformity with said articles, and on February 7, 1918, the grantee conveyed the land to this appellant, Buchanan, subject to the same reservation and exception.

It was established by the evidence at the trial that there existed in that immediate vicinity two well-known and defined seams or veins of coal, known respectively as "Coal Glen Upper Vein" and "Coal Glen Lower Vein," both of which underlay a part of Jesse C. Hoffman's land, not included in the above conveyance, and had been opened and mined long prior to his death. No opening of any vein had been made on that part of the land conveyed to Buchanan, and it subsequently developed that the upper vein, known as the "Coal Glen Upper Vein," was not on this tract. He proceeded, however, to drive a heading into and take coal from the "Coal Glen Lower Vein," which was the topmost vein of coal found on his land.

On the trial of the case the defendant contended that under this state of facts a latent ambiguity existed and that he was entitled to introduce parol or extrinsic evidence to explain it, and show that it was intended that the topmost vein of coal, whatever that might be, should pass to the grantee under the articles. The court below held that there was no ambiguity; that the exception in the deed from the reservation of the coal, definitely fixed and referred to a well-known and defined seam or vein of coal which bore a distinctive name and was capable of sale and conveyance as such; that there was no warranty that the "Coal Glen Upper Vein" existed on the land conveyed, but that the deed expressly reserved all the

coal on or under the tract except that particular vein; and that the deed could not be altered in this respect by the introduction of parol evidence to explain away its plain language. He instructed the jury that if they found that the vein which Buchanan was working was the "Coal Glen Lower Vein," or any other vein than that excepted in the deed, to wit, the "Coal Glen Upper Vein." they should find a verdict for the plaintiffs. Their verdict establishes definitely that it is the lower vein which appellant is mining.

We are of opinion that the court below rightly construed the effect of the exception to the reservation of the coal, and that no ambiguity existed in the deed requiring the admission of parol or extrinsic evidence to explain it; that the effect of such testimony would be to alter or vary the plain language of the deed, which in the absence of fraud or plain mistake, which is not here set up, is not permissible: Fuller v. Weaver, 175 Pa. 182, 184, 188.

Our Supreme Court has held that the rule which allows extrinsic evidence to explain the extent of the subject sold has no application when a subject-matter exists which satisfies the terms of the instrument of conveyance: Harvey v. Vandegrift, 89 Pa. 346, 352. In King v. Gas Coal Co., 204 Pa. 628, 633, it was held that where the description in a deed or devise is clear and explicit and without ambiguity there is no room for construction or for the admission of parol evidence, to prove that the parties intended something different. In that case it was unsuccessfully contended that a grant of all the coal underlying certain described land was intended to apply to and convey only the Pittsburgh vein of coal. To the same effect, see Thompson v. Kaufman, 9 Pa. Superior Ct. 305; Light v. Miller, 38 Pa. Superior Ct. 408, and McKinley v. Ulery, 47 Pa. Superior Ct. 353. The intention of the grantor must be gathered from the language used in the conveyance and not from evidence aliunde: Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492,

497; Hines v. Union Connellsville Coke Co., 271 Pa. 219, 221.

In the present case there was in existence in the immediate vicinity a well-known and defined vein of coal, known as the "Coal Glen Upper Vein," which was the upper of the two veins found in that neighborhood. A subject-matter therefore existed which satisfied the terms of the instrument of conveyance. Whether the vein was actually present on the land conveyed is immaterial; there was no covenant or warranty that it was. The deed reserved all the coal on and under the land conveyed, except this particular described and denominated vein, which if it existed in that particular property, passed with the conveyance. The description in the exception from the reservation of the coal was clear, explicit and without ambiguity and its construction was for the court, not the jury.

As there was no ambiguity in the deed when properly read, other matters argued in appellant's brief, such as the exclusion of testimony intended to explain its provisions, drop out of consideration: Heningkamp v. Valley Smokeless Coal Co., 274 Pa. 186, 189; we may say, however, that loose statements made by Jesse C. Hoffman to a third person, not representing the defendant or his grantor, seven years before he sold the land in question, as to his belief that the outcroppings of coal were part of the "Coal Glen Upper Vein" were not relevant or material for any purpose: Higgins v. Sharon Boro., 5 Pa. Superior Ct. 92, 103; nor were statements made by him to third persons, after he had sold the land, admissible in evidence: Beam v. Punxsutawney Playground Assn., 81 Pa. Superior Ct. 579; nor would declarations of Buchanan's grantor, not made in the presence of, or assented to by, his cotenants, the plaintiffs, have any effect upon their rights as owners of the coal reserved.

The assignments of error are overruled and the judgment is affirmed.