**Myers v. Borough of Jacobus**

*Russell F. Griest,* for plaintiffs.

*W. Burg Anstine,* for defendant.

ATKINS, P. J., June 20, 1973.—Olevia Darr, also known as Anna Mary Darr, died testate September 12, 1955, a resident of Jacobus Borough, York County, Pa. The provisions of her will which are pertinent to this action are as follows:

"ITEM TWO: I give, devise and bequeath my dwelling house located on the west side of the Susquehanna Trail, in the Borough of Jacobus, to my sister, Alma Alverta Geiselman, for and during the period of her natural life, and at her death, to my daughter, Rachel Cursio, and her children, Jacque S. Myers and Thomas E. Myers, to be divided among them, share and share alike.

"ITEM THREE: All the rest, residue and remainder of my estate, real, personal and mixed, of whatever nature and whatsoever situate, which I may own or have the right to dispose of at the time of my death, I give, devise and bequeath unto my sister, Alma Alverta Geiselman, to be hers absolutely and forever."

The persons who are now entitled to the remainder interests created by Item Two are plaintiffs in this action.

At the time of her death, testatrix was seized of two tracts of land situate in the Borough of Jacobus. These two tracts were acquired by Edwin F. Darr, husband of Olevia, in 1913. In 1943, Edwin and Anna Mary conveyed the two lots to Alma Geiselman, who immediately reconveyed them to Edwin and Anna Mary as tenants by the entireties. Edwin died in 1950, survived by his widow, Anna Mary, also known as Olevia, testatrix in this case. By deed dated November 1, 1956,

Alma Geiselman conveyed the land which is the subject of this action to the Borough of Jacobus.

Alma Geiselman died January 8, 1971. Plaintiffs claim title to this tract under Item 2 of the will of Olevia Darr. Defendant claims that Alma Geiselman took a fee simple title under Item 3 of the will, and that she conveyed this title to defendant by her deed of November 1, 1956.

The issue is whether the tract of land conveyed by Alma Geiselman was included in the devise by Olevia Darr of the dwelling house to Alma Geiselman as a life tenant, or was it included in the devise of the residue of Olevia Darr's estate to Alma Geiselman in fee?

Plaintiffs offered evidence to show the use of the two tracts of land by Edwin Darr during his lifetime and by his widow after his death in an effort to show that Olevia Darr intended to leave the second tract described in the deed to her husband when she disposed of her dwelling.

Defendants strenuously objected to the admission of this testimony in this case. We think the evidence was properly admitted. See Myers v. Myers, 16 Pa. Superior Ct. 511. However, we also think that even with the evidence submitted, it has not been shown that the devise of the dwelling house was intended to include the land that is the subject of this suit.

For this discussion we will refer to the tracts as they are referred to in the deed to the Darrs. Tract No. 1 is the tract on which the dwelling stands, and tract No. 2 is the tract conveyed to the borough.

Considerable testimony was offered to show the uses to which the two tracts were put by Edwin Darr during his lifetime. This is of little help because it is not his will being construed. Furthermore, the will speaks as of the time of the death; so we are primarily, if not solely, concerned with the use of the land made by Olevia at, or immediately prior to, her death.

It is clear that the two tracts are separated by a public alley. Tract No. 1 includes the dwelling, a chicken house, a barn that was converted by Edwin and Olevia Darr into a hog pen and a garage. A vegetable garden was maintained on this tract. The tract is 33' x 179.85' in dimensions according to the deed. This tract abuts the west side of what at the time of testatrix' death was known as the Susquehanna Trail, and is now frequently referred to as the Old Trail.

Tract No. 2 abuts the west side of a public alley that separates the two tracts. The only improvement on the tract at the time of testatrix' death was a frame building. The dimensions of this tract according to the deed are: 161.1' x 80.85' x 179.85' x 79.2'. Thus, it appears that although tract No. 2 lies immediately across the alley from tract No. 1, it is considerably wider, and cannot be said to be an extension of tract No. 1.

Testatrix lived in the dwelling on tract No. 1 during her marriage and widowhood. The improvements on it were used in connection with the use of the house as a residence. The sole improvement on Tract No. 2 was leased to the Borough of Jacobus for storage of borough property. The ground of tract No. 2 not occupied by the building leased to the borough was sharecropped by neighbors of testatrix. The crops grown on it were vegetables.

Over the years, the courts have had occasion to consider what was to be included in a devise or a transfer of a dwelling house. One of the earliest Pennsylvania cases is Bennet v. Bittle, 4 Rawle 339, where the court said:

"And in the case of a grant or demise of a house with the appurtenances, it seems to be established as a general rule, that no more than the garden, orchard, curtilege [sic] and yard adjoining the house will pass with it, although other lands have been occupied with the house."

In Rogers v. Smith, 4 Pa. 93, in discussing a will which provided: "I give and bequeath to my daughter Jane Robinson, the house that I now occupy, in Third Street," the court said:

"That the devise of a house, in the will of Thomas Robinson, did not vest any title to the lot in question, adjacent thereto in the devisee. This question is considered by Mr. Justice Kennedy in Bennet v. Bittle et al., 4 Rawle, 339, who, after citing all the authorities, has come to the conclusion that the word house is synonymous with messuage, and conveys, as in that case, all that comes within the curtilage, without the words cum pertinentiis superadded. In this opinion we concur."

The rule appears to be then established that a devise of a dwelling house will carry with it only that ground that is reasonably necessary for the enjoyment of the house for dwelling purposes. See Howell v. Miller, 81 Pa. Superior Ct. 281.

Plaintiff places great reliance on Logan v. Wiley, 357 Pa. 547. In that case, testatrix devised a building referring to it by a name to which the building was known in the community. The building stood on a tract of ground across which the former owner had constructed a fence. A portion of the ground on the side of the fence opposite the building had been leased to a utility company. The question before the court was whether the devise of the building by name carried with it all of the lot of ground, or only that on the side of the fence adjacent to the building. The court received oral testimony describing the use to which the original owner had put the property, as well as the use to which testatrix had put it. The jury after hearing this testimony decided that the devise did include the entire tract of land. The real question, however, before the Supreme Court was not the correctness of this conclusion, but the propriety of the admission of oral testi-

mony by the trial court. The Supreme Court decided that the oral testimony was properly received, and the verdict of the jury was not disturbed.

Here, we have admitted the testimony that was offered by plaintiff, but the trial court concluded as a matter of law that, considering the entire record of the plaintiffs' case, including the disputed testimony, plaintiff failed to show that tract No. 2 was included within the devise of the dwelling house, and, therefore, granted defendant's motion for a compulsory nonsuit.

We have reviewed the record and considered all of the testimony submitted, and, in light of the authorities quoted above, are of the opinion that the nonsuit was properly granted, and that the motion to remove it must be refused.

### ORDER

And now, to wit, June 20, 1973, it is ordered, adadjudged and decreed that the motion of plaintiffs to remove the compulsory nonsuit entered by the trial court be and is hereby refused, and judgment is entered in favor of defendant and against plaintiff.