# King *v.* New York & Cleveland Gas Coal Company, Appellant.

*Deed—Description—Ambiguity—Parol evidence.*

When the description in a deed or devise is clear and explicit and without ambiguity, there is no room for construction or for the admission of parol evidence, to prove that the parties intended something different.

*Deed—Description of coal—Decedent's estates—Sale for debts—Evidence —Oral evidence.*

Where the petition by an executor for an order to sell real estate for the payment of debts variously describes the property to be sold as a " body of coal" and " the coal underlying the said real estate " and " the whole of said coal underlying the surface," and the decree based on the petition describes it as " the coal and privileges " mentioned in the petition, and the executor's deed describes it as " the coal underlying the testator's land hereinafter described," it is error in a subsequent ejectment by persons claiming under the will of the testator, to permit the plaintiffs to offer parol evidence to show that the coal mentioned in the executor's deed was the Pittsburg vein only, and not other coal underlying the land.

Argued Nov. 5, 1902.    Appeal, No. 147, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1899, No. 33, on verdict for plaintiff in case of Thomas N. King et al. v. New York & Cleveland Gas Coal Company.    Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Reversed.

Ejectment for coal under land in Plum township.    Before FRAZER, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial when Henry M. Johnson was on the stand he was asked this question:

" Q. Mr. Johnson, did you at that time know of any other coal underlying that land except the Pittsburg vein? "

Objected to as irrelevant and incompetent.

Objection overruled and bill sealed for defendant. [1]

" A. I did not know of any vein under that at that time."

J. S. King was asked this question:

" Q. Did you know of a coal vein in that farm?  A. None but the Pittsburg vein, or what we call the upper vein— "

Objected to.  Objection overruled and bill sealed for defendant. [2]

W. D. Alter was asked this question :

" Mr. Alter, this affidavit sets forth that you are acquainted with the value of property in the vicinity of the property described in the within petition, and that you believed the price of $75.00 per acre for coal of the estate of Thomas King, deceased, is a fair price, and as much as any coal in the immediate vicinity is sold for, and is as much and even more than could be obtained for the same at public sale.  Now, I ask you what coal did you refer to in that affidavit? "

Objected to because the coal referred to in that affidavit is described in the petition to which that affidavit refers, and it is immaterial so far as we are concerned, and besides the witness is asked to give an interpretation to his affidavit, which is perfectly clear of itself, and which may tend to change its tenor, Mr. Coleman being dead, and this being one of the parties who made this affidavit, it is incompetent to make any explanation of his affidavit, or to testify to any subject-matter of that transaction, because of the death of Mr. Coleman.

Objection overruled.  Exception and bill sealed for defendant. [3]

" A. We referred to the merchantable coal on the Briar farm at that time, the Pittsburg vein only."

Defendant presented this point :

15. That under all the evidence in this case the verdict of the jury should be for the defendant.  *Answer :* Refused. [15]

Verdict and judgment for plaintiffs.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions ;  (15) above instruction, quoting it.

*S. Schoyer, Jr.,* and *H. K. Siebeneck,* with them *John P. Hunter,* for appellant.—Parol evidence is inadmissible to aid a patent ambiguity in a description of land in a deed : Storer v. Freeman, 6 Mass. 435 ; Crocker v. Crocker, 5 Hun, 587 ; Young v. Lorain, 11 Ill. 624 ; Wright v. Weakly, 2 Watts, 89 ; Bisbee v. Woodbury, 8 Ill. App. 336.

When a subject-matter exists which satisfies the terms of the conveyance, there is no latent ambiguity, and no evidence can be admitted for the purpose of explaining the terms of the deed of conveyance : Starkie on Evidence, p. *693 ; Harvey v. Vandegrift, 89 Pa. 346 ; Chichester v. Oxenden, 3 Taunt. 147 ; Brown v. Brown, 11 East. 441 ; Cunningham v. Neeld, 198 Pa. 41 ; Wusthoff v. Dracourt, 3 Watts, 240 ; Thompson v. Kaufman, 9 Pa. Superior Ct. 305.

It will be seen that the five veins of coal furnish a subject-matter which satisfies all the terms of the conveyancing recited above, and that the upper or Pittsburg vein does not disclose another subject-matter to which all its terms could equally apply, since the language of the deed is flat-footedly for " all the coal," and the only phrase upon which a doubt could possibly arise is in the recital clause of the petition : Claremont v. Carlton, 2 N. H. 369 ; Butler v. Gale, 27 Vt. 739 ; Stowell v. Bushnell,' 135 Mass. 340 ; Grubb v. Grubb, 101 Pa. 11 ; Hughes v. Westmoreland Coal Co., 104 Pa. 207 ; Heilner v. Imbrie, 6 S. & R. 401 ; Com. v. Brenneman, 1 Rawle, 311 ; Juvenal v. Patterson, 10 Pa. 282 ; Moore v. Hunter, 6 Ill. 317 ; Gault v. Woodbridge, 4 McLean, 329.

*R. B. Petty*, with him *John M. Petty*, for appellees.—Extrinsic evidence is admissible of all the circumstances surrounding the author of an instrument to explain the sense in which he understood it : Reed v. Insurance Co., 95 U. S. 23 ; Berridge v. Glassey, 112 Pa. 442 ; Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108 ; Kamphouse v. Gaffner, 73 Ill. 453 ; Lulay v. Barnes, 172 Pa. 331 ; McCullough v. Wainwright, 14 Pa. 171 ; Carroll v. Miner, 1 Pa. Superior Ct. 439 ; Ford v. Buchanan, 111 Pa. 31 ; Arthur v. Roberts, 60 Barb. 580.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903 :

The learned trial judge should have withdrawn this case from the jury and directed a verdict for the defendant.

Thomas King died in 1866, testate, seized of two tracts of land, not contiguous, situate in Plum township, Allegheny county, the larger of which contained 153 acres and was known as the " King farm," and the smaller contained ninety-eight acres and was known as the " Briar farm." The personal estate

of the decedent being insufficient for the payment of his debts, his surviving executors, in 1871, obtained an order from the orphans' court of Allegheny county to sell certain coal under said land of the testator at private sale for the payment of debts. The property was sold to William Coleman, the sale was confirmed by the court and the executors executed and delivered a deed conveying it to the purchaser. In 1872, Coleman conveyed the coal to the New York & Cleveland Gas Coal Company, the defendant in this action.

This ejectment was brought in 1899 by the devisees under the will of Thomas King to recover a tract of land in Plum township, containing sixty-four acres and fifty-five perches, and "all coal and coal rights therein and thereunder." The plaintiffs claim title under the will of Thomas King. The defendant disclaims title to the real estate described in the praecipe except "all the coal in and underlying the land described in the writ" with certain mining rights and privileges, the title to which coal and mining rights is claimed by the defendant by virtue of the sale for the payment of debts in pursuance of the order of the orphans' court, and the subsequent vesting of the title in the defendant by the deed of William Coleman. The plaintiffs deny that the proceedings in the orphans' court vested the title to any part of the real estate in Coleman, for the reason, as claimed by them, that the court had no authority to order a private sale for the payment of debts, and they also deny that if the court had authority to make the decree, it authorized the sale of any coal except the "upper or Pittsburg vein" of coal under the land described in the praecipe and writ in this case. The learned trial judge held that the orphans' court sale divested the title to the property sold, but, against the objection of the defendant, submitted to the jury to determine "whether the Pittsburg vein alone answers the description of the 'body of coal' referred to in the executor's petition," on which the order of sale was made. On this issue, the jury found a verdict in favor of the plaintiffs and from the judgment thereon the defendant company has appealed.

The petition presented by the executors to the orphans' court averred inter alia that the testator died seized of certain real estate in Plum township, " under a portion of which lies a

body of coal; " that it would be to the interest of all parties that " the coal underlying the said real estate " should be sold ; that the deferred payments should be secured by a mortgage on the premises for " the whole of said coal underlying the surface of said testator's land, with all mining privileges," etc. ; that " the coal has been surveyed and is bounded and described as follows." A description is then given in the petition by courses and distances and the acreage is stated to be sixty-four acres and fifty-five perches. The prayer is for the approval and decree of a private sale of " the coal above described with the privileges aforesaid." The court decreed a private sale of " the coal and privileges " mentioned in the petition. The executors made a deed to the purchaser, reciting that the testator died seized of " certain lands and coal thereunder" in Plum township ; that they were authorized to sell " the coal underlying the testator's land hereinafter described ; " and conveyed to the purchaser " all the following described coal " within the boundaries there given. After the delivery of the deed, the executors made a report to the court that in accordance with the decree of sale, they had " executed and delivered to William Coleman a deed in fee simple for the coal described in the petition aforesaid, with the privileges, etc., therein enumerated."

It is contended by the plaintiffs, and it was held by the court below, that they had the right to introduce parol testimony to show that the words used in the orphans' court proceedings, descriptive of the subject-matter of these proceedings, applied to the Pittsburg vein of coal and not to all the coal underlying the premises within the designated boundaries. The testimony was offered and admitted under the well settled rule that extrinsic evidence is admissible to identify the subject-matter of a written instrument where the description is applicable to more than one thing or object. In such cases the purpose is to discover the intention of the party as shown by the words he has used, and for that purpose parol testimony is necessarily received. But it is equally clear under all the authorities that extrinsic evidence is not admissible where there is a subject-matter that satisfies the terms of the written instrument: Starkie on Evidence, *693 ; Saunderson v. Piper, 5 Bing. N. C. 425, per TINDAL, Ch. J. ; Cook v. Babcock, 61 Mass. 526 ;

Harvey v. Vandegrift, 89 Pa. 346.   Mr. Starkie says : " When a subject-matter exists which satisfies the terms of the conveyance, there is no latent ambiguity, and no evidence can be admitted for the purpose of explaining the terms of the deed of conveyance." And in Cook v. Babcock, it is said by Shaw, C. J., speaking for the court, that when the description in a deed or devise is clear and explicit, and without ambiguity, there is no room for construction, or for the admission of parol evidence, to prove that the parties intended something different.

Applying these principles to the case in hand, we think that extrinsic evidence was not necessary, and hence not admissible to discover or ascertain the subject-matter to which the language used in the orphans' court proceedings, descriptive of the property to be sold, applied.   We have recited above the terms used throughout the proceedings.   The " body of coal " referred to in the first part of the petition is clearly defined and explained in the subsequent parts of the petition to be " the coal underlying the said real estate," and " the whole of said coal underlying the surface."   It was to the interest of the parties concerned, as averred in the petition, not that the " body of coal," but that " the coal underlying the said real estate of said testator " should be sold.   This is a distinct averment of the petition, and clearly referable thereto in the subsequent parts of the petition are the expressions " the whole of said coal underlying the surface of said testator's land," which was to be mortgaged, and " said coal " which was surveyed and described in the petition.   It was this coal designated as " the coal above described," which the executors, in the petition, asked for an order to sell.   There is therefore no uncertainty or ambiguity in the terms employed in the petition or the decree of the court to designate the property to be sold. It was the coal, and not a part of the coal, underlying the surface particularly described in the petition.

While the deed conveys only what the executors were authorized by the court to sell, yet they will not be presumed to have exceeded their authority and to have granted to a purchaser property they could not convey.   The deed of the executors to Coleman recites that King became in his lifetime seized " as of fee of certain lands and coal thereunder " in Plum township, and conveys " all the following described coal,"

giving a description of the land by courses and distances as set forth in the petition presented to the orphans' court. This deed, the act of the parties who represented the estate of decedent, confirms the interpretation we have put on the language used in the petition. The property thus conveyed was reported to the court by the executors as " the coal described in the petition," and the sale thereof was confirmed in accordance with the prayer of the executors. The action of the court and of the executors throughout leaves no doubt and creates no ambiguity as to the quantum of coal sold and conveyed.

Had the word " seam," " vein " or " strata " been used, the position of the plaintiffs would have had some ground to support it. Had the application been for an order to sell the seam, vein or strata of coal underlying the surface, extrinsic evidence would have been necessary to determine which of the several seams or strata beneath the surface was embraced in the petition and decree of the court. Neither of these words, however, was used, but instead, language was employed, which clearly designates the subject-matter of the proceeding in the orphans' court, and leaves no doubt as to what property was sold and conveyed by its authority.

We are all of opinion that under the evidence presented to the court below the plaintiffs were not entitled to recover, and that a verdict should have been directed for the defendant company.

The fifteenth assignment of error is sustained, the judgment is reversed, and judgment is now directed to be entered for the defendant company for the coal underlying the surface described in the deed of Thomas King's executors to William Coleman, dated April 29, 1871, and recorded in the recorder's office of Allegheny county in deed book, vol. 274, p. 108.