```
208      335
f208     .342
```

# Cundey v. Hall.

*Partnership—Real estate—Tenants in common—Deed—Record title.*

It is not competent to show by parol that a deed to two persons as tenants in common was for land purchased and paid for by them as partners, and is partnership property. Purchasers and creditors may rely upon the title as shown by the record.

Creditors of a partnership composed of individuals who hold land as tenants in common, cannot enforce payment of their claims out of the land as against the individual creditors of the partners. The latter are entitled to have their claims first satisfied out of the proceeds of the property.

A judgment creditor who has sold the interest of his debtor in a partnership for an amount insufficient to satisfy the judgment, may afterwards, in order to satisfy the balance, take his debtor's share of the proceeds of real estate held by the debtor and the debtor's partner as tenants in common, as against the purchaser of the partnership interest.

Argued Feb. 8, 1904. Appeal, No. 138, Jan. T., 1904, by James A. McCullough, from order of C. P. Delaware Co., March T., 1902, No. 127, dismissing exceptions to auditor's report in case of Colin R. Cundey, Administrator of Sarah Ann Cundey, Deceased, v. Thomas C. Hall and John H. Hall. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ. Affirmed.

Exceptions to report of Henry M. Fussell, Esq., auditor. In addition to the facts stated in the opinion of the Supreme

Court it appeared that the judgment of Edward W. Perrott was only in part satisfied by the sale of the interest of John H. Hall, in the partnership of William Hall & Company. Before the auditor Perrott claimed for the balance of his judgment which was unpaid.

*Errors assigned* were in dismissing exceptions to auditor's report.

*O. B. Dickinson*, for appellant.—E. W. Perrott, the judgment creditor of one partner, and to whom the decree below gives the money, first sold the partner's interest in the firm assets and then claims the same assets under the same judgment. He thus receives double payment and receives it as against the very person whose money he first took.

The equitable principle is the same as that which has been successfully invoked to prevent a vendor from selling the equitable interest of his vendee and then assert the legal title as against the purchaser: McCay v. Orr, 11 W. N. C. 524; Love v. Jones, 4 Watts, 465; Horbach v. Riley, 7 Pa. 81; Vierheller's Appeal, 24 Pa. 105; Zeigler's Appeal, 69 Pa. 471; Diehl's Appeal, 33 Pa. 406; Mellon's Appeal, 32 Pa. 121; Pittsburg, etc., R. R. Co. v. Jones, 59 Pa. 433.

The appellant relies upon the well considered cases of Erwin's App., 39 Pa. 635, and Abbott's App., 50 Pa. 234.

*A. Lewis Smith*, for appellee, cited: Welles's Account, 191 Pa. 239; Pontius v. Walls, 197 Pa. 223; Shafer's App., 106 Pa. 49.

*George T. Butler*, for E. W. Perrott.

OPINION BY MR. JUSTICE MESTREZAT, March 7, 1904:

At the time of his death in November, 1888, and for several years prior thereto, William Hall and his two sons, Thomas C. Hall and John H. Hall, were engaged, under the firm name of William Hall & Company, in the shoddy manufacturing business in Upper Darby township, Delaware county. The firm carried on its business at a plant which, including the land, buildings and machinery, was owned by William Hall,

and for which he received a monthly rental from the partnership. He died intestate, leaving to survive him Charlotte Hall, his widow, two sons above mentioned and a daughter, Sarah Ann Cundey, intermarried with Colin R. Cundey. On April 16, 1889, the widow and daughter with her husband, conveyed by deed their interests in the premises to the two sons as tenants in common who then, as owners in fee of the premises, executed three mortgages thereon, one in favor of the daughter, Sarah Ann Cundey, and two in favor of the widow, Charlotte Hall. The deed and mortgages covered the land, buildings and machinery. The firm having been dissolved by the death of William Hall, the two sons wound up its business. After they had purchased the interest of their mother and sister in the plant, they " opened the books of the new firm of William Hall & Company, composed of the two brothers, Thomas C. and John H. Hall, and they took the real estate into their business, subject to those mortgages, and carried it on their books as firm property." The firm used the property in the shoddy manufacturing business without paying rent, but paid the insurance, taxes and whatever interest was paid on the mortgages, as well as part of the principal of the Cundey mortgage. The real estate was never conveyed to the firm, nor was the partnership ever made a matter of public record. After John H. Hall and his brother had become owners in fee of the manufacturing plant, several judgments were entered against him individually, on one of which his interest in the firm of William Hall & Company, was sold January 4, 1900, and purchased by James A. McCullough, the appellant. Sarah Ann Cundey died in 1895, and her administrator issued a scire facias on the mortgage held by her against Thomas C. Hall and John H. Hall and, having obtained a judgment thereon, sold the real estate on a levari facias, on June 7, 1902, for $30,400.

The controversy here arises over the distribution of this fund. The sheriff reported a schedule of distribution as provided by the Act of June 4, 1901, P. L. 357, to which exceptions were filed. An auditor was then appointed by the court to pass on the exceptions and to make distribution of the fund. The claimants before him were " the holders of the three mortgages, the individual judgment creditors of John H. Hall, the

purchaser of the interest of John H. Hall in the firm of William Hall & Company, and Thomas C. Hall, the other member of the firm against whom no other liens had been entered." The auditor awarded payment in full of the three mortgages and directed the balance of the fund to be divided equally between Thomas C. Hall and Edward W. Perrott who held the first lien against John H. Hall individually.

This appeal was taken by James A. McCullough who purchased the interest of John H. Hall in the firm of William Hall & Company sold by the sheriff on the judgment of Edward W. Perrott. The appellant claims that the manufacturing plant was the property of the firm, " was absolutely necessary to the partnership, and was openly and notoriously occupied by the firm and used for partnership purposes as firm property." It is, therefore, contended that as the firm had no creditors the proceeds of the sale of the plant, after the payment of the mortgages, should have been awarded to William Hall & Company or to Thomas C. Hall as liquidating partner of the firm, and not to the members of the firm as individuals or to their judgment creditors. It was further contended that as against James A. McCullough, the appellant, Edward W. Perrott was not entitled to claim any part of the proceeds of the sale of this property on his judgment against John H. Hall for the reason that Perrott had sold Hall's interest in the firm on his judgment and McCullough had purchased it.

The manufacturing plant, including the land, mill, machinery and houses was acquired, as we have seen by Thomas C. Hall and John H. Hall partly by descent from their father and partly by deed as tenants in common from their mother and sister. This title was never changed of record, but the property was held by the owners as tenants in common until the sale was made on a scire facias issued on one of the mortgages. There was nothing of record to show that the plant or any part of it was held or used as partnership property. All that the record disclosed as to the title to the property was that Thomas C. Hall and John H. Hall owned it as tenants in common. Such briefly are the conceded facts as to the record ownership of this property.

For seventy years and in an unbroken line of decisions, we

have adhered to the rule announced in Hale v. Henrie, 2 Watts, 143, that in order to affect the title or possession of land it is not competent to show by parol that a deed to two persons as tenants in common was purchased and paid for by them as partners and was partnership property. Purchasers and creditors alike may rely upon the title to real estate as shown by the record, and having done so the law will not permit their rights acquired on the faith of the title as thus disclosed to be defeated by parol evidence. When parties take title to land as tenants in common and place it upon record, the act, so far as it may affect purchasers and creditors without notice, must be considered as a declaration by the owners of the character in which they intend to hold the property. Creditors of a partnership composed of the individuals who thus hold the title cannot, therefore, enforce payment of their claims out of the property as against the individual creditors of the partners. The latter are entitled to have their claims first satisfied out of the proceeds of the property. Such is the well settled law of the commonwealth.

In Ridgway, Budd & Co.'s Appeal, 15 Pa. 177, the court by ROGERS, J., says : " To affect the title or possession of land, it is not competent to show by parol that real estate conveyed to two persons as tenants in common, was purchased and paid for by them as partners, and was partnership property. This is firmly settled in the cases cited, and in other cases which it is unnecessary to quote. Here there can be no doubt the property was held as a tenancy in common ; and as nothing was put on record, manifesting the intention of the partners to regard it otherwise, it must be treated as separate estate, and of course liable as such to their creditors. In all such cases, parol testimony is totally disregarded." " It is certainly determined in a long train of decisions," says AGNEW, J., in Ebbert's Appeal, 70 Pa. 79, " that as to purchasers of the title and creditors having liens on it, a deed to persons who are in fact partners, but who take the title to themselves as tenants in common, must stand as the foundation of their rights, and govern in the distribution of the proceeds of a sale of the title. Partnership creditors cannot by parol evidence change the effect of the deed, and convert lands so individually held into assets of the partnership, and thereby dislodge and postpone

the otherwise preferred liens of individual creditors." In Gunnison v. Erie Dime Savings & Loan Co., 157 Pa. 303, it is said : " Land granted to the member of a partnership, paid for with partnership money, the deed placed on record, yet. nothing on the face of it to show that it is other than a conveyance to an individual, cannot be turned into mere personalty for partnership creditors by parol testimony or secret agreement, to the destruction of the lien of a judgment entered against the individual grantee." In the recent case of Stover v. Stover, 180 Pa. 425, WILLIAMS, J., delivering the opinion, says : · " It is settled that when two or more persons who are partners take title to land as tenants in common, the presumption arising from the deed is that they hold the title as tenants in common in equal shares. As between themselves, the deed is not conclusive, but they hold in accordance with the facts. As to purchasers and creditors, they hold in accordance with their recorded title. Taking and recording a deed as tenants in common gives character to the title of the several holders upon which the public may safely rely. They are bound to take notice of what appears upon the records, and they have a right to act upon the faith of what they find there."

The record title to the real estate in question being in Thomas C. Hall and John H. Hall as tenants in common, it follows that the auditor and court below were right in awarding the proceeds of the sale of the property, after payment of the mortgages, to Thomas C. Hall individually and to the lien creditors of John H. Hall according to their priority. The appellant purchased John H. Hall's interest in the firm of William Hall & Company. As against the individual creditors of John H. Hall, therefore, he cannot have any claim on this fund. It must be distributed in conformity with the character impressed upon it by the title to the property which produced it.

The appellant relies upon Erwin's Appeal, 39 Pa. 535, and Abbott's Appeal, 50 Pa. 234, to sustain his position that he has the right to show that the manufacturing plant was partnership property and that the proceeds of the sale must be distributed as such. These cases, however, do not sustain the appellant's contention. In Erwin's Appeal, Meyers, one of the partners of the firm of Imhoff & Meyers, paid the pur-

chase money with partnership funds and took the title in his own name. It was used as partnership property, and having been sold by the sheriff, the proceeds were awarded to a judgment against the firm in preference to a judgment against Imhoff, the other partner. But Judge STRONG in his opinion recognizes the doctrine of the cases we have cited above, and distinguishes this case as follows : " Had the title been taken by both Imhoff and Meyers, without any assertion on its face that it was treated by them as partnership property, under the ruling in Hale v. Henrie, 2 Watts, 143, and several subsequent cases, they would have been but tenants in common." The contest in Abbott's Appeal was between partners themselves and did not relate to purchasers or creditors, as is shown by AGNEW, J., in Ebbert's Appeal, supra, and as is recognized by CLARK, J., in Shafer's Appeal, 106 Pa. 49. Hence that case can have no application to the facts here. It is unquestionably true that as between partners themselves real estate purchased with partnership funds and for partnership purposes is partnership property and it may be shown to be such, notwithstanding the deed was made to the individuals composing the firm as tenants in common. But that rule cannot be invoked here to defeat the claims made on this fund by the lien creditors of John H. Hall.

We do not agree with the appellant's contention that the sale of John H. Hall's interest in the partnership on the judgment of E. W. Perrott estops the latter from claiming payment of the judgment or the balance due thereon out of Hall's interest in the proceeds of the sale of the real estate. Hall's interest in the real estate which, as against that judgment, was not firm assets and did not pass by the sale of his interest in the partnership. Hence, the appellant as purchaser of the partnership interest did not acquire any interest in the real estate or the proceeds resulting from the sale of it. Perrott is not now claiming Hall's interest in the partnership sold on his judgment and purchased by the appellant but is seeking to enforce his judgment against his debtor's interest in the proceeds of the real estate on which it is a first lien and which is not an asset of the firm of William Hall & Company.

The assignments of error are overruled and the decree is affirmed.