# Salter *v.* Acker, Appellant.

*Partnership—Tenants in common—Deed—Liens—Distribution—Proceeds of real estate—Covenants in deed—Recital.*

In order to affect the title or possession of land it is not competent to show by parol that a deed to two persons as tenants in common was purchased and paid for by them as partners and was partnership property. Purchasers and creditors alike may rely upon the title to real estate as shown by the record, and having done so the law will not permit their rights acquired on the faith of the title as thus disclosed to be defeated by parol evidence.

A recital clause in a deed cannot override and break down the clearly expressed covenants of title exhibited in that part of the deed where such covenants usually appear.

Where a declaration of trust recites that a property was purchased with the funds of two individuals "trading as," etc., "undertakers" and subsequently the declarant states "that he holds the legal title as trustee for himself" and for the other person named in the recital "in equal shares as tenants in common, the consideration for the conveyance above recited having been raised and paid by them equally," and further covenants that he will upon request grant and convey to the other person named, his heirs and assigns, an equal one-half share of the real estate described, the

real estate in question is not partnership property, but is held by the persons named as tenants in common, and an individual judgment against one of the persons, will not be postponed to a later judgment against the partnership.

Argued Oct. 14, 1915.   Appeal, No. 82, Oct. T., 1915, by defendant, from judgment of Municipal Court, May T., 1914, No. 243, for plaintiff on case tried by the court without a jury in suit of E. H. Salter, trading as Salter's Stables, v. A. Lincoln Acker, Sheriff.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Assumpsit against the sheriff.   Before CRANE, J.

Plaintiff's statement of claim averred that judgment was obtained by Clara V. Krause against one James F. Donohue on March 12, 1913; that plaintiff obtained judgment against James F. Donohue and Walter D. Gibney, trading as Donohue & Gibney, on May 9, 1913; that a property, the title of which stood in the name of said Walter D. Gibney, but which plaintiff alleged belonged to said Donohue & Gibney by virtue of a deed of trust executed by said James F. Donohue, had been sold by the defendant, as sheriff, upon a paramount encumbrance; that the surplus after payment of all prior charges should have been paid to him on account of his said judgment, but that the defendant, as such sheriff, only paid one-half thereof to him, and the other one-half on the above prior judgment against said James F. Donohue alone.

The defendant, by his answer, averred that under said declaration of trust, the ownership of said property was in the said James F. Donohue and Walter D. Gibney as tenants in common, and that hence the distribution was properly made by him.

The material portions of the deed of trust were as follows:

Whereas, William P. McLaughlin and Louise G., his wife, by indenture dated May 2, 1911, granted and con-

veyed unto Walter D. Gibney, his heirs, and assigns, all that certain lot or piece of ground with the buildings and improvements thereon erected, described as follows:
......

And whereas the true and real consideration money paid to the said William P. McLaughlin for the said premises was the sum of six thousand eight hundred dollars, notwithstanding the above mentioned deed recited the consideration money as one dollar;......

And whereas, the said premises were purchased for James F. Donohue and the said Walter D. Gibney, trading as Donohue & Gibney, undertakers, and all sums raised and paid on account of said premises for purchase-money, mortgage-money, building association dues, interest, taxes and other charges were raised and paid equally by the said James F. Donohue and the said Walter D. Gibney, and will continue to be raised and paid equally by them,

Now know all men by these presents, that the said Walter D. Gibney does hereby acknowledge and declare that he holds the legal title to said premises by virtue of said conveyance as trustee for himself the said Walter D. Gibney and the said James F. Donohue, in equal shares, as tenants in common, the consideration for the conveyance above recited having been raised and paid by them, the said James F. Donohue and Walter D. Gibney, equally, and the said Walter D. Gibney, for himself, his heirs, executors and administrators, covenants, promises and agrees to and with the said James F. Donohue, his heirs and assigns, that he, the said Walter D. Gibney, shall and will, at any time hereafter, upon request of the said James F. Donohue, his heirs or assigns, and the tender by the said James F. Donohue, his heirs or assigns, of the proper costs and charges, grant and convey to the said James F. Donohue, his heirs and assigns, by good and sufficient deed an equal one-half share, portion, estate, property, right, title and interest of, in and to the said premises.

The court entered judgment for plaintiff for $423.99. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Alex. Simpson, Jr.,* with him *William F. Brennan* and *George S. Russell,* for appellant.—The sheriff upon the distribution of a fund raised upon the sale of real estate under execution process, is bound to distribute in accordance with the facts as they appear of record at the time of the sale, unaffected by extraneous matters: Ebbert's App., 70 Pa. 79; Gunnison v. Erie Dime, Etc., Loan Co., 157 Pa. 303; Stover v. Stover, 180 Pa. 425; Cundey v. Hall, 208 Pa. 335.

The record at the time of the sheriff's sale, required the sheriff to distribute the fund exactly as he did: Kramer v. Arthurs, 7 Pa. 165; Mehaffy v. Dobbs, 9 Watts 363; Naglee v. Ingersoll, 7 Pa. 185; Tate v. Clement, 176 Pa. 550; Olfsheskey v. Graham, 46 Pa. Superior Ct. 523; Ridgway, Budd & Co.'s App., 15 Pa. 177; McCormick's App., 57 Pa. 54; Lefevre's App., 69 Pa. 122; Ebbert's App., 70 Pa. 79; Second Natl. Bank's App., 83 Pa. 203; Geddes' App., 84 Pa. 482; Holt's App., 98 Pa. 257; Kepler v. Erie, Etc., Loan Co., 101 Pa. 602; Shafer's App., 106 Pa. 49; Gwinner v. Union Tr. Co., 226 Pa. 614.

*M. D. Hayes,* with him *Oswald M. Milligan* and *E. P. Gallagher,* for appellee, cited: Lancaster Bank v. Myley, 13 Pa. 543.

OPINION BY HEAD, J., March 1, 1916:

The defendant, the sheriff of Philadelphia County, sold at a judicial sale a piece of real estate and thereafter undertook to distribute the fund thus produced. The bulk of it was rightly awarded, as all agree, to a mortgagee whose lien was admittedly first. A balance re-

mained. The whole of this balance was claimed by the present plaintiff who had a judgment against a partnership, "Donohue & Gibney," the members of that firm being James F. Donohue and Walter D. Gibney. One-half of the balance in the hands of the sheriff was claimed by an individual judgment creditor of Donohue, the lien of whose judgment was prior in time to that of the plaintiff against the firm. Her claim rested on the proposition that the real estate which produced the fund was owned by two individuals as tenants in common and was not a portion of the partnership stock of the firm mentioned. The sheriff, doubtless on the advice of counsel, recognized her claim and paid to her one-half of the balance of the fund. The partnership creditor, asserting such payment to have been to the prejudice of his legal rights, brought this action to recover from the sheriff the sum wrongfully, as he alleges, paid to the individual creditor. The learned judge of the Municipal Court held the sheriff had made a mispayment and entered judgment for the plaintiff. The sheriff appeals.

As this record does not demand any adjustment of the rights or equities of the partners inter esse, it is not surprising it furnishes no evidence as to the nature or extent of such rights or equities. There is nothing before us to indicate in what proportions the two partners owned the partnership stock. As the real contest is between rival judgment creditors, we may well sum up the controlling principle of law with this quotation from the opinion of Mr. Justice MESTREZAT in Cundey v. Hall, 208 Pa. 335, viz:—"For seventy years in an unbroken line of decisions, we have adhered to the rule announced in Hale v. Henrie, 2 Watts 143, that in order to affect the title or possession of land it is not competent to show by parol that a deed to two persons as tenants in common was purchased and paid for by them as partners and was partnership property. Purchasers and creditors alike may rely upon the title to real estate as shown by the record, and having done so the law will not per-

mit their rights acquired on the faith of the title as thus disclosed to be defeated by parol evidence."

As the learned court below, and the able counsel of both parties, agree this doctrine must obtain in the determination of the question in dispute we turn to a consideration of the deed or declaration of trust which furnishes the record evidence of the state of the title at the time of the sale. It bears upon its face warrant for the conclusion it was drawn by one familiar with established forms as well as with the substantial purpose to be effected by such an instrument. There first appear four separate clauses of recital, each introduced by the formal "Whereas," &c. Then follows the body of the declaration, to which we naturally look for those covenants, the future performance of which was surely the aim and intention of the parties interested. Beginning with the familiar "now know all men by these presents," the actor in the deed of trust declares "that he holds the legal title to said premises as trustee for himself and the said Donohue in equal shares as tenants in common, the consideration for the conveyance above recited having been raised and paid by them equally." As I view it, the most advanced purist in the use of recognized terms of legal expression, would experience difficulty in attempting to more accurately or precisely describe a tenancy in common. Let us go a step further, "And the said Gibney, for himself, &c., covenants, &c., to and with the said Donohue, his heirs, &c., that he......shall and will upon request grant and convey to said Donohue, his heirs and assigns, an equal one-half share" of the real estate described. This language needs no construction because there is nothing doubtful in it. Whence then comes the difficulty?

The last one of the four clauses of recital already referred to is as follows:—"And whereas the said premises were purchased for James F. Donohue and the said Walter D. Gibney, trading as Donohue & Gibney, undertakers, and all sums raised and paid on account of said

premises were raised and paid equally by the said J. F. Donohue and the said W. D. Gibney." The learned court below viewed the words "trading as Donohue & Gibney" as the dominating expression of the intent of the parties and concluded the real estate described was but a portion of the partnership stock. It must be clear the clause of recital just quoted is susceptible of two constructions. If, after naming the two individuals, the expression "trading as Donohue & Gibney" be regarded as words of further description or identification of the parties, the clause will perfectly satisfy the function of a recital and the whole paper will have a clear, harmonious, and not doubtful meaning. If, on the other hand, we regard the words in the clause "trading as Donohue & Gibney" as the controlling expression of the intent of the entire instrument, we give to the recital the effect of extinguishing all of the language of the body of the instrument already quoted which so clearly indicates a different intent.

It is not necessary, for the purposes of this case, that we adhere to the earlier doctrine distinguishing the effect of a recital in a deed from the covenants in the body of it. For example, in an early English chancery case it was said:—"The reciting part of a deed is not at all a necessary part either in law or equity. It may be made use of to explain a doubt of the intention and meaning of the parties but it hath no effect or operation." This has been quoted with approval in Clark v. Post, 113 N. Y. 17. The eminent author of Rawle on Covenants, in Section 280, says: "Owing to a misunderstanding of one or two old cases, the dangerous doctrine has been more than once broached that covenants for title may be implied from a recital; but this has since been distinctly and decisively repudiated." In an editor's note to a report of the case of McDonough v. Martin in the Supreme Court of Georgia, 18 L. R. A. 343, the learned compiler concludes:—"After diligent search we have been unable to find a single actual decision to justify the statement

that covenants of title can ever be implied from recitals although such a doctrine has sometimes been loosely asserted." As already stated, we do not undertake to declare that the proper office of a recital in a deed is so narrow or confined as these authorities indicate.    In Pennsylvania it is at least certain that a recital in a deed is regarded as notice to a purchaser of the fact recited : Jennings v. Bloomfield, 199 Pa. 638.    In the earlier case of Christine v. Whitehill, 16 S. & R. 98, the opinion of Mr. Justice HUSTON furnishes authority for the proposition that a recital may and sometimes does import a warranty.    But I apprehend, viewing what he said in the light of its context, the warranty would be only of the truth of the fact contained in the recital.    In no case, that I have been able to find, has it ever been determined an expression in a recital clause of a deed—in this case of doutful meaning at best—could or should override and break down the clearly expressed covenants of title exhibited in that part of the deed, where such covenants should, and usually do appear.    As we have already remarked such a construction, placed on the declaration of trust now before us, would result in turning what is otherwise a well prepared and harmonious instrument into one self-contradictory, with the lesser part dominating what has always been regarded as the more controlling portion of such deed or declaration.

We are all of the opinion the learned court below fell into error.    The distribution made by the sheriff was correct in principle and the motion for judgment in his favor should have been granted.

Judgment reversed and judgment now entered in favor of the defendant.