**George G. MOORE, Appellant,**

v.

**C. Kenneth MILLER and Bonnie Swinehart, All the Heirs at Law of Betty J. Miller, Deceased, Appellees.**

Superior Court of Pennsylvania.

Argued June 21, 2006.
Filed Oct. 23, 2006.

---

George Moore, appellant, Pro Se.

Christopher G. Hauser, Bradford, for Swinehart, appellee.

BEFORE: BOWES, PANELLA and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant George G. Moore appeals the judgment entered on May 20, 2005, denying his exceptions to the master's report transferring fee simple title to property to Appellee Bonnie Swinehart. We reverse.

¶ 2 A review of the record establishes the following relevant facts. Appellant filed a complaint in equity against Appellee and C. Kenneth Miller, the heirs at law of the Estate of Betty J. Miller, alleging that he and Betty J. Miller were conveyed title to property as tenants in common, which deed was recorded in McKean County deed book 215, page 284 on August 1, 1995. With the death of Betty J. Miller on May 16, 2000, Appellant alleged that the property should be divided one-half interest to him and one-fourth interest to Betty J. Miller's two children, Appellee and C. Kenneth Miller.[1]

¶ 3 Counsel for Appellee and C. Kenneth Miller filed an answer denying Appellant's allegations and seeking reimbursement for maintenance, use and upkeep of the property, as well as rental value during the time Appellant remained on the property after Betty J. Miller's death. In reply, Appellant claimed Betty J. Miller promised that he could live on the homestead for his lifetime, and, upon her death, he would be a fifty percent owner of the property.

¶ 4 After a status conference, the Estate of Betty J. Miller and C. Kenneth Miller conveyed their interest in the realty to Appellee, which was followed by the re-

---

1. Further, Appellant sought a partition of the property pursuant to Pa.R.C.P. 1551 through 1574 claiming he had no adequate remedy at law. *See* Appellant's "Civil Action—In Partition," 7/19/00, ¶¶ 9, 10; Record No. 42.

cording of a deed listing Appellee as one-half owner and Appellant as one-half owner. At the same conference, a stipulation dismissed the estate and C. Kenneth Miller from the lawsuit, and a Master was appointed to take evidence in the case.

¶ 5 After a hearing, the Master filed an initial report concluding: 1) that Appellee was entitled to credit equal to one-half of the reasonable rental value of the property; 2) that Appellant was entitled to a credit equal to the reasonable rental value of the improvements made to the property; and 3) that Appellee was entitled to a credit for monies paid (by her mother, Betty J. Miller) for the purchase of the property. Exceptions were filed by Appellant, but the trial court reserved its ruling with the scheduling of a final hearing on Appellant's exceptions. Once a hearing was conducted, the Master issued a final report, which provided that:

1) Appellee was entitled to a credit of one-half of the reasonable rental value of the property;

2) Appellant was not entitled to a credit for improvements made to the property because the work he performed did not enhance materially the value of the property; and

3) The party who expended money for the purchase of the property (Betty J. Miller) was entitled to credit for the money paid.

Appellant filed exceptions to the Master's report, which the trial court scheduled for argument. This resulted in a remand to the Master to obtain an appraisal of the current market value of the property. The trial court also directed that the Master obtain an opinion whether the property could be divided without prejudice to or spoiling of the whole, and to file a report so the trial court could decide whether to allow the property to be sold at private sale and/or allow Appellee credit for the purchase price paid by her predecessor in title/Betty J. Miller.

¶ 6 A written appraisal was prepared indicating that the property could be divided and sold: House, garage, and two and one-half acres for $22,500.00; the remaining 73.93 acres had a fair market value of $37,500.00. Further, the Master reaffirmed his original thirteen findings of fact, which Appellant excepted to and argument was scheduled for March 24, 2005.

¶ 7 At the March 24th hearing, no testimony was received but the positions of the respective parties were outlined. Thereafter, the trial court entered judgment awarding Appellee title to the property (by Appellant's transfer of his one-half interest in same) because the purchase price paid by Betty J. Miller exceeded the appraised value of the property, which discounted the need to sell the property. Appellant then filed a timely appeal raising multiple issues, the first of which states: "Where the deed of the subject property conveyed[ ] title [ . . . ] to [Appellant] and [Appellee's] decedent as tenants in common, is the [Appellee's] decedent entitled to credit for the total purchase of the subject property of $65,700.00?"

■ ¶ 8 In reaching our decision, we are mindful that the scope of review in a case such as this is quite limited. As stated in *Sack v. Feinman*, 489 Pa. 152, 165–66, 413 A.2d 1059, 1066 (1980), "[n]ormally, appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion." A final decree in equity will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. *Fuisz v. Fuisz*, 527 Pa. 348, 353, 591 A.2d 1047, 1050 (1991).

¶ 9 In response to Appellant's initial claim, the trial court framed its reply thusly:

The first question is whether [Appellant] has proven a valid inter vivos gift to him from Miller.

\* \* \* \*

A valid inter vivos gift requires both donative intent and delivery. [*Lanning v. West,* 803 A.2d 753 (Pa.Super.2002)], citing *Estate of Korn,* [332 Pa.Super. 154,] 480 A.2d 1233 (Pa.Super.1984). "Donative intent can be inferred from the relationship between the donor and donee." *Korn,* at 1237. Less evidence is required to establish a gift to a close friend or relative than a stranger. *Estate of Balfour,* [392 Pa. 300,] 140 A.2d 441 (Pa.1958). However, in *Korn,* the Pennsylvania Superior Court refused to infer donative intent even though a man and woman were close personal friends who eventually intended to marry because there was no familial relationship between the two at the time of the man's death. *Korn,* at 1237. The court refused to infer donative intent based on a non-familial, close personal friendship; a closer relationship had to exist before the court would infer donative intent. *Id.*

As previously noted, [Appellant's] counsel acknowledged at oral argument that the deed itself is the *only evidence* of an inter vivos gift to him from Miller. Even though the deed states Miller and [Appellant] hold the property as "tenants in common," this is simply not enough evidence to convince me Miller intended to give one half of the property to [Appellant]. Therefore, because [Appellant] has not established both delivery and donative intent, he has not met his burden of proving an inter vivos gift by clear, direct and convincing evidence.

However, even if [Appellant's] counsel had not taken that position, [Appellant] still could not establish a valid inter vivos gift by clear, direct and convincing evidence. In this case, delivery of the deed, which was entered into evidence by [Appellant's] counsel at the Master's hearing on January 16, 2003, has been established. However, [Appellant] must also prove Miller delivered the deed to him with donative intent. By all accounts it appears Miller and [Appellant] were close personal friends who lived together intimately, but were not married. At the time of Miller's death there was no familial relationship between them. A closer relationship must exist to infer donative intent. *Korn,* at 1237. Therefore, even if there was evidence of an inter vivos gift in addition to the deed which would lead to an analysis of the relationship between the parties based on *Korn* there still is not enough evidence to establish donative intent. Thus, [Appellant] has not produced sufficient evidence to prove he was the recipient of an inter vivos gift.

Trial court opinion, 5/20/05, at 6–7 (emphasis in original). We take issue with the trial court's assessment of the case as one in the context of a gift inter vivos. Rather, we view the case as one in which the validity of the deed as evidencing title in Appellant is of primary consideration. In doing so, we take our direction from *Teacher v. Kijurina,* 365 Pa. 480, 76 A.2d 197 (1950).

¶ 10 In *Teacher,* the Pennsylvania Supreme Court addressed a host of issues of joint ownership under will and deed of the litigants (heirs of the title owners Nick and Sara Kijurina of real property), but the issue that attracts our attention is the Court's resolution of the principal question in the case: "[W]hether the real estate acquired by deed in which the granting clause merely named the grantees as 'Nick Kijurina and Sarah Kijurina his wife,' when in fact they were not married, operated to convey an estate of tenancy in

common or vested an estate with an incident of survivorship in the nature of a joint tenancy[?]" *Id.,* at 484, 76 A.2d at 199.

¶ 11 The trial court heard considerable conflicting testimony on the question of whether Nick, or Sarah, or both paid the purchase price and made a finding of fact that Nick paid the whole of the purchase. From that finding, along with other findings, including the language of the deed, it was concluded by the trial court that the parties intended to have conveyed to them a joint estate with the right of survivorship. The Pennsylvania Supreme Court concluded that the trial court was in error in admitting or considering such testimony allowing for a joint tenancy with a right of survivorship. As a result, the case was remanded for the entry of a new decree declaring that the title in the real estate vested in Nick and Sarah Kijurina was one of tenants in common. In the course of doing so, the high Court made the following relevant statements; to-wit:

> [When t]he language of the deed is clear [and] unambiguous[, ...] the intent of the grantees must be gleaned solely from its language. The principle involved is the same as that in the case of *Cundey v. Hall,* 208 Pa. 335, 57 A. 761 (1904), in which th[e Pennsylvania Supreme C]ourt pointed out that as far back as *Hale v. Henrie,* 2 Watts 143 (1834), it was held that in order to effect the title of possession of land it is not competent to show by parol that a deed to two persons as tenants in common was purchased and paid for by them as partners and was therefore partnership property. And see also *Salter v. Acker,* 62 Pa. Superior Ct. 207 (1916). *In absence of fraud, accident or mistake parol evidence is inadmissible to vary or limit the scope of a deed's express covenants and the nature and quantity of the interest conveyed must be ascertained by the instrument itself and cannot be orally shown:* Henry's Trial Evidence (3rd Ed.) Sec. 375 and cases there cited. Furthermore, in construing a deed, as in the case of a will, it is not what the parties may have intended by the language used but what is the meaning of the words: *Otis Fuller v. Weaver,* 175 Pa. 182, 34 A. 634 (1898); *King v. New York etc. Co.,* 204 Pa. 628, 54 A. 477 (1903); *Rosengarten Estate,* 349 Pa. 32, 36 A.2d 310 (1944); *Myers Estate,* 351 Pa. 472, 41 A.2d 570 (1945); *Hoffman v. Buchanan,* 83 Pa. Superior Ct. 454, 457 (1924).
>
> As there was no endeavor here to set up an implied or resulting trust, we disregard the testimony and findings as to who paid the purchase money as irrelevant, immaterial and inadmissible to contradict the language of the deed.

*Teacher,* at 486, 76 A.2d at 200 (emphasis added). *Accord In the Matter of Conveyance of Land Belonging to the City of DuBois,* 461 Pa. 161, 170, 335 A.2d 352, 357 (1975); *see also Zomisky v. Zamiska,* 449 Pa. 239, 241, 296 A.2d 722, 723 (1972) ("a conveyance or devise carries with it no right of survivorship unless clearly expressed, and in the absence of a clearly expressed intent to the contrary, the conveyance or devise creates not a joint tenancy, but a tenancy in common." (citation omitted)); *In re Estate of Michael,* 421 Pa. 207, 210, 218 A.2d 338, 341 (1966) (semble); *Cundey v. Hall, supra* at 338, 57 A. at 762 (parol evidence could not be relied upon or referenced to alter a conveyance to two people as tenants in common).

■ ¶ 12 By applying the aforementioned rules of construction and interpretation to the present deed, it is clear that the grantees intended their interest in the land to be one of tenants in common. Under such circumstances, we cannot construe the conveyance to the grantees to be limited in any way. Further support for the

intention of the parties is set forth in the first paragraph of the deed:

BETWEEN ROBERT J. McGEE and MARYANN McGEE, husband and wife, of R.D. #2, Box 2279, E. Stroudsburg, Pennsylvania, GRANTORS, parties of the first part,

AND

*BETTY J. MILLER and [Appellant], as tenants in common,* of 64 Springville Rd., Quarryville, Pennsylvania, GRANTEES, parties of the second part, WITNESSETH, that the said parties of the first part, for and in consideration of the sum of SIXTY–FOUR THOUSAND ($64,000.00)—Dollars, lawful money of the United States of America unto them well and truly paid by the said parties of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed, and by these presents to grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the said parties of the second part, their heirs, and assigns, ALL THAT CERTAIN TRACT OR PARCEL OF LAND with a dwelling and garage erected thereon situate in Gleason Hollow in the Township of Annin, County of McKean and Commonwealth of Pennsylvania, bounded and described according to a plan thereof by K.R. Comstock, Jr., Registered Surveyor, dated April 9, 1951 [. . .].

*See* Appellant's Exhibit "A" attached to Complaint filed 7/19/00; Record No. 42 (emphasis added). Furthermore, the language and terms of the deed indicate an area of 80.51 acres to be forever conveyed by the grantors to the grantees (Betty J. Miller and Appellant) "as tenants in common" in consideration of money paid, and the grantees "accepted and record[ed] this deed acknowledging" such facts of public record. *Id.*

¶ 13 Also, a reading of the entire deed is consistent with an interpretation that the grantees intended to have the title conveyed to them without reservation, reversion, or forfeiture. And, absent any allegation/proof of fraud, accident, or mistake, the estate drawn in the recorded deed is *prima facie* evidence of intent of a tenancy in common. *See Teacher, supra* at 486, 76 A.2d at 200. Under such circumstances, we cannot construe the conveyance to be limited in any way, and surely not to divest Appellant of his right, title, and interest creating an estate of tenancy in common documented by the recorded deed evidencing such a fact. Hence, the clear expression of intent necessary to satisfy the establishment of an estate by tenants in common between Betty J. Miller and Appellant is not lacking. *Cf. Bohn v. Fund of $1230.10,* 178 Pa.Super. 420, 116 A.2d 266, 269–70 (1955) ("Since the parties are not husband and wife, it is the policy of law to favor tenancy in common rather than a joint tenancy, in the absence of proof of intent that the latter should be formed. Accordingly, the parties herein must be deemed to hold the account as tenants in common. It is further well established that tenants in common are presumed to hold equal shares in the property, and this presumption stands until it is rebutted by competent evidence[.]" (citation omitted)); *see also Pagnotti v. Old Forge Bank,* 429 Pa.Super. 39, 631 A.2d 1045, 1047 (1993) ("the law favors a presumption that the account was owned as a tenancy in common rather than a joint tenancy in the absence of intent that the latter should be formed."). Therefore, the trial court's ruling being to the contrary, the judgment is reversed, and the record is remanded for entry of judgment declaring that title in the real estate is declared to have vested in Appellant and Betty J. Miller as tenants in common. *Teacher, supra* at 489, 76 A.2d at 202.

¶ 14 Judgment reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.[2]

**2.** Our disposition affirming Appellant's status as "tenants in common" with Betty J. Miller in the property in dispute dispenses with the need to address Appellant's Issue No. 2 (arguing the conveyance above referenced to be a gift by Appellee's decedent/Betty J. Miller) and Issue No. 3 (questioning whether the property is divisible into "purports"). As for Issue No. 4, which challenges the Master's refusal to allow Appellant to "give testimony as to the present value of the subject property," the issue is waived for Appellant's failure to take exception to the Master's determination as to the value of the property. *See* Trial court opinion, 5/20/05, at 8 ("In the Supplemental Report, the Master found the fair market value of the property is $60,000.00. [Appellant] did not file an exception to the Master's determination of the fair market value of the property, so he has waived any exception he could have made to that finding.").

By *per curiam* order dated March 28, 2006, this Court reserved for panel consideration Appellee's motion to dismiss Appellant's appeal for his failure to prepare a reproduced record. *See* Pa.R.A.P. 2151 *et seq.* Although this Court will not hesitate to quash an appeal if an Appellant fails to comply with our Rules of Appellate Procedure as they pertain to reproduced records, *see Ferrante v. Ferrante*, 791 A.2d 399, 401 (Pa.Super.2002), "[w]hen under the applicable law the questions presented may be determined in whole or in part upon the record made before the appellate court, a party shall not be required to reproduce the record." Pa.R.A.P. 2151(c). Such is the case here. Therefore, we deny Appellee's motion to dismiss for Appellant's failure to prepare a reproduced record.

The same result obtains with regard to Appellee's motion to quash the appeal for Appellant's failure to comply with Chapter 21 of the Rules of Appellate Procedure (**BRIEFS AND REPRODUCED RECORD**). Our review of Appellant's appellate brief discloses the inclusion of the following captions with content; to-wit: Statement of Jurisdiction; Statement of Scope of Review; Standard of Review; Order Appealed; Statement of Questions Involved; Statement of the Case; Summary of Argument; Argument; Conclusion and Relief Sought; and Trial Court Opinion, all of which satisfies Pa.R.A.P. 2111(a)(1)-(9) (CONTENT OF BRIEFS). Therefore, as with the motion to dismiss, Appellee's motion to quash is not warranted because the defects referenced by Appellee (absence of reproduced record; non-compliance with Rule 2111) are not "substantial." Rule 2101. Stated otherwise, neither the absence of a reproduced record nor the condition of Appellant's brief hinders our ability to conduct a proper review of the claims raised on appeal. Accordingly, Appellee's motion to quash is denied.