J-A33018-16

2017 PA Super 203

| | | |
|---|---|---|
| ADAM L. KAPCSOS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MALISHA J. BENSHOFF | : | |
| | : | |
| Appellant | : | No. 227 WDA 2016 |

Appeal from the Judgment Entered March 8, 2016
in the Court of Common Pleas of Cambria County
Civil Division at No(s): 2014-4183

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER, JJ.*

CONCURRING OPINION BY STRASSBURGER, J.:    **FILED JUNE 29, 2017**

I agree with the learned Majority as to its rationale and conclusion with respect to the mortgage payments.  With respect to the crediting of the down payment, I also agree with the Majority that the judgment should be vacated and the case should be remanded for further proceedings. However, I disagree with the Majority as to its reasoning and recommended calculation.

With respect to credit for a down payment when partitioning real property, the Majority thoroughly construes two lines of cases in reaching its conclusion that the down payment by Kapcsos should be considered a gift to Benshoff.  The first line of cases, all of which are partition cases, begins with **Weiskircher v. Connelly**, 93 A. 1068 (Pa. 1915), and continues with **Nicholson v. Johnston**, 855 A.2d 97 (Pa. Super. 2004), **Fascione v.**

_____
*Retired Senior Judge assigned to the Superior Court.

*Fascione*, 416 A.2d 1023 (Pa. Super. 1979), and *Ramsey v. Taylor*, 668 A.2d 1147 (Pa. Super. 1995).  The Majority concludes that based on these cases and the Pennsylvania Rules of Civil Procedure, "credits for purchase money when calculating an owelty" are permitted. Majority at 17.

However, the Majority continues with citations to the following cases, *Maxwell v. Saylor*, 58 A.2d 355 (Pa. 1948), *Teacher v. Kijurina*, 76 A.2d 197 (Pa. 1950), *Bove v. Bove*, 149 A.2d 67 (Pa. 1959), *DeLoatch v. Murphy*, 535 A.2d 146, (Pa. Super. 1987), *Banko v. Malanecki*, 451 A.2d 1008 (Pa. 1982), and *Moore v. Miller*, 910 A.2d 704 (Pa. Super. 2006).  However, all of these cases, with the exception of *Banko*, deal with the interests in property when one tenant dies.[1]  The Majority relies upon this line of cases in reaching the opposite conclusion - that the down payment by Kapcsos on this property was an *inter vivos* gift to Benshoff.

Based on the foregoing, it is more appropriate to apply the line of cases which directly concern partition actions where the tenants are alive, rather than partition actions where one tenant has died and it is the heirs or estate that are litigating the interest.  Accordingly, I agree with the partition line of cases, and the trial court, that Kapcsos might indeed receive a credit for his down payment.

---

[1] *Banko* concerns how to divide a joint bank account, not real property.

- 2 -

Nevertheless, I also conclude that the trial court erred in calculating the owelty as including a credit for the entire down payment. The record reveals that Kapcsos has lived in the property for most of the time and thereby has received most of the benefit of the down payment.

In **Sergi v. Sergi**, 506 A.2d 928 (Pa. Super. 1986), this Court quoted approval for the "disappearing credit" analysis described by Common Pleas Court Judge Lawrence W. Kaplan:

> It has been my approach, where we have definable premarital cash and where the marriage has not been of a long duration, to give some credit to the respective parties for these premarital cash assets, but not necessarily the entire amount.
>
> I look upon these credits as being more or less a disappearing credit, depending upon the length of the marriage. If the parties have been married a long time, perhaps there is no credit whatsoever. But in this case, the parties had been married five and a half years, and I feel that they are each entitled to some credit for their premarital cash ...

*Id*. at 933.

Analogously, a similar approach is appropriate in the instant case. Had Kapscos lived in the property for only a short period of time, he might be entitled to a credit for most of the down payment. Had he lived in the property the entire time, he might not be entitled to any credit. However, the solution here is likely somewhere in between, and that is a number that should be determined by the trial court. Accordingly, I would remand for such a calculation.