NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1181

JAMES B. BUSLIK & another[1], trustees,[2]

vs.

STACY L. ALLEGRONE-LEWIS & another.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The parties own neighboring properties in Great Barrington. The defendants, Stacy L. Allegrone-Lewis and Joseph C. Lewis, have an easement over a portion of the neighboring property, which is owned by the Buslik Family Nominee Realty Trust and managed by trustees James B. Buslik and Debra A. Buslik, the plaintiffs.  The defendants erected a fence on the portion of the plaintiffs' property that is subject to the easement; the plaintiffs filed suit in the Superior Court alleging trespass

---

[1] Debra A. Buslik.

[2] Of the Buslik Family Nominee Realty Trust.

[3] Joseph C. Lewis.

and seeking an order requiring the defendants to remove the fence. After a jury-waived trial, and in a thoughtful written decision, the judge concluded that the language of the easement was ambiguous, and that the existence of the fence was consistent with the easement grantor's intent "to allow the defendants to use the . . . land [subject to the easement] as their property for all reasonable purposes." Accordingly, judgment entered for the defendants. Because we see the language of the easement as unambiguous, however, and we therefore do not consider the intent of the grantor, we vacate the judgment.

Background. We accept the facts found by the judge, none of which are challenged as clearly erroneous, see Martin v. Simmons Props., LLC, 467 Mass. 1, 8 (2014), supplemented by additional undisputed facts drawn from the record. The parties' properties were originally part of the same parcel. To satisfy local zoning requirements concerning lot setbacks and frontage, the parcels were divided so that a portion of the lot now owned by the plaintiffs and measuring approximately 128 square feet (servient area) was carved out of the lot now owned by the defendants. The servient area comprised a portion of a driveway shared by the two lots at issue and a portion of a driveway serving only the lot now owned by the defendants. As relevant to this dispute, the developer recorded a use easement over the

2

servient area in favor of the lot now owned by the defendants. It says,

> "The Use Easement provides the Grantees and future owners of [the defendants' lot] with a non-exclusive right to pass and re-pass by vehicular traffic, by foot or otherwise over the Easement area and further the right to introduce into the Easement area, plantings of trees, shrubs, grass and any other landscaping, at Grantees discretion. Grantees use of the Easement area shall include cutting, pruning, mowing or taking other necessary steps to maintain the area to their satisfaction."

At some time between 2009 and 2013, the defendants installed wooden and metal fencing around their property, as well as a metal gate across the servient area. The metal portion of the fence measures forty-two inches high and fourteen feet long, and it includes a gate made up of two six-foot panels.

The plaintiffs' objections to the placement of the gate and the metal fence, which they contended encroached on their property, culminated in the filing of this action.

Discussion.[4]  In interpreting easements created by conveyance, we apply the general principle "that the intent of the parties is ascertained from the words used in the written instrument interpreted in the light of all the attendant facts."

_____

[4] At trial, the defendants represented that they had agreed to remove the wooden fence voluntarily, and the judge therefore did not make any rulings about it. For that reason, to the extent there remains a dispute between the parties about the wooden fence, we express no opinion about it.

Mazzola v. O'Brien, 100 Mass. App. Ct. 424, 427 (2021), quoting Assad v. Sea Lavender, LLC, 95 Mass. App. Ct. 689, 693 (2019). "[T]he language [used] . . . is the primary source for the ascertainment of the meaning of [the] conveyance" (quotation and citation omitted). Sheftel v. Lebel, 44 Mass. App. Ct. 175, 179 (1998). When the language of the applicable instruments is "clear and explicit, and without ambiguity, there is no room for construction, or for the admission of parol evidence, to prove that the parties intended something different." Cook v. Babcock, 61 Mass. 526, 528 (1851). Because the interpretation of an easement is a question of law, our review is de novo. See Mazzola, supra.

Here, the language of the easement limited the defendants' permitted use of the land to "pass[ing] and re-pass[ing] . . . over the Easement area," and "to introduc[ing] [and maintaining] . . . landscaping" there. In the absence of a relevant code or binding precedent defining "landscaping" in this context, we turn to the usual rule that "a dictionary definition of a term is strong evidence of its common meaning." Brigade Leveraged Capital Structures Fund Ltd. v. PIMCO Income Strategy Fund, 466 Mass. 368, 374 (2013), quoting Matter of the Liquidation of Am. Mut. Liab. Ins. Co., 440 Mass. 796, 801 (2004). The general definition of "landscaping" is "to adorn or improve (a section of ground) by contouring and planting flowers, shrubs, or

4

trees." American Heritage Dictionary 987 (5th ed. 2018). See Random House's Webster's College Dictionary 736 (2d ed. 1997) (defining "landscape" to include improving "the appearance of [an area of land, . . . etc.] as by planting trees, shrubs, or grass, or altering the contours of the ground"). In this case, the easement's treatment of the term "landscaping" is consistent with this definition, as evidenced by the examples of "landscaping" included in the easement: "introduc[ing] into the Easement area, plantings of trees, shrubs, [and] grass[,]" and "cutting, pruning, [and] mowing . . . the area." The definition of "landscaping" does not, we conclude, include the erection and maintenance of a gate like the one at issue here, and we do not discern any ambiguity in the easement on this point.[5]

Even if we were to conclude that the language was ambiguous, however, our review of the circumstances "attendant" to the creation of the easement would not persuade us that the easement permitted the defendants to erect and maintain the metal fence. Mazzola, 100 Mass. App. Ct. at 427, quoting Assad,

_____

[5] We note that, were we to discern ambiguity in the easement -- which we do not -- our interpretation would be consistent with the doctrine of ejusdem generis, which "applies to lists [w]here general words follow specific words in a statutory enumeration. It limits the general terms which follow specific ones to matters similar to those specified" (citations and quotations omitted). Desrosiers v. Governor, 486 Mass. 369, 378 n.19 (2020). See Carey v. Commissioner of Correction, 479 Mass. 367, 370 n.6 (2018).

95 Mass. App. Ct. at 693.  We accept as true defendants' counsel's candid admission at oral argument that the purpose of the easement was to extend the frontage of the plaintiffs' lot while treating the servient area in all practical ways as if it were owned by the defendants.  We are not, however, persuaded that, where the easement is explicitly directed toward "landscaping," any ambiguity in that term should be resolved by allowing the defendants to bring any activity on the servient area into its definition.  To do so would, in our view, be less an exercise in interpreting the easement than in rewriting it, and for that reason, even considering the circumstances in which the easement was created, we are not persuaded that it permits the defendants to maintain the fence over the servient area.

Conclusion.  The judgment is vacated, and the matter is remanded to the Superior Court for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Massing, Hand & Hershfang, JJ.[6]),

Paul Little

Clerk

Entered:  August 7, 2025.

_____

[6] The panelists are listed in order of seniority.